IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP THOME,
                Petitioner,

     v.                                  CASE NO. 05-3099-SAC

RAY ROBERTS, et al.,

                Respondents.

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). In 1998 petitioner was convicted after trial by jury in Osage County District Court, Lyndon, Kansas, of attempted second degree murder and sentenced to 316 months imprisonment. This matter is currently before the court upon respondents' Motion to Dismiss the Petition as not timely filed.

**CLAIMS**

Thome seeks to challenge his conviction on the ground that he was denied effective assistance of trial counsel. In support of this ground, he claims in his Petition that his trial defense counsel (1) argued a "guilt based" defense against his wishes when there was "no credible physical evidence" he had fired any weapon, and then flip-flopped by arguing complete innocence, which he claims should have been the defense all along; (2) requested further investigation by the State, which resulted in the recovery of a bullet and evidence supporting the prosecution; (3) failed to use police reports to impeach Dora Wymer's

testimony regarding whether or not she had grabbed Thomes' hand when the gun went off; (4) failed to present medical evidence as to the extent of the injury to Thome's eye from being punched during the incident and how it affected his ability to fire a weapon; (5) failed to challenge the charge of attempted second degree murder as not recognized in Kansas; and (6) failed to challenge his arrest as illegal due to his never being read his Miranda rights.  He also seeks relief based upon the cumulative effect of these alleged errors.

**STANDARDS**

Under 28 U.S.C. 2244(d)(1)[1], federal petitions for habeas corpus relief are subject to a one-year statute of limitations. The one-year period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. 2244(d)(2).

With regard to the merits of petitioner's habeas claim, this court may not grant habeas relief for a claim adjudicated on the merits in a state court proceeding unless the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination

---

[1] The limitations provision pertinently provides:
(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of –
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

2

of the facts." 28 U.S.C. 2254(d).

To prevail on an ineffective assistance of counsel claim, in particular, petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, he must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. This burden entails overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"; that is, petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689. In effect, the petitioner must indicate "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687, and that counsel "failed to exercise the skills and diligence that a reasonably competent attorney would provide under similar circumstances." Even if the first prong is satisfied, petitioner must also demonstrate actual prejudice to his case as a result of counsel's error. See Strickland, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."); Lockhart v. Fretwell, 506 U.S. 364, 369, (1993).

**PROCEDURAL HISTORY**

Petitioner appealed his state conviction but did not raise his federal claim on direct appeal because, he alleges, "Kansas does not allow ineffective counsel claims to be raised on direct

3

appeal." Thome's conviction became "final" on September 11, 2000, 90 days after his Petition for Review on direct criminal appeal was denied by the Kansas Supreme Court (June 13, 2000). Petitioner had filed a state post-conviction motion pursuant to K.S.A. 60-1507 in the District Court of Osage County on August 11, 2000, which was summarily denied on October 23, 2000. The thirty days to appeal expired on November 23, 2000, with no appeal filed. On April 8, 2002, petitioner filed a second 1507 petition in Osage County District Court, which was denied after appointment of counsel and an evidentiary hearing. Thome appealed this denial to the Kansas Court of Appeals (KCOA), without success, and ultimately to the Kansas Supreme Court, which denied review on September 14, 2004. Thome executed this federal Petition on February 15, 2005.

After initial review of the Petition, the court ordered Thome to show cause why it should not be dismissed as untimely based upon tentative calculations set forth by the court. Thome responded that the limitations period was statutorily tolled for part of the time this court had considered it running. Specifically, in its initial order, the court stated at least a total of 423 days of the limitations period had run. Of those days, 102 were from August 22, 2002, through December 1, 2002, which the court believed from on-line state appellate dockets occurred before petitioner filed a late appeal, and thus when no state action was "properly pending." However, petitioner

responded his appeal had not been late[2], and the notation on the docket had been misinterpreted.  Thome thus asserted the court's calculations were incorrect, and he currently had time remaining.  The court accepts petitioner's allegations that his appeal was not late, and holds that the statute of limitations was tolled during this 102-day period due to the pending appeal of his second 1507 action.  After considering petitioner's Response to Show Cause Order, the court did not rule on the timeliness question, and instead entered an Order to Show Cause to respondents.  Respondents filed a Motion to Dismiss arguing this action was not timely filed.  Petitioner has filed a Response to that motion.  He argues that respondents have "failed to comply" with the court's show cause order by not filing an Answer and Return.  The court rejects this argument and finds respondents' Motion to Dismiss on the basis of untimeliness is an appropriate response.

**DISCUSSION - TIMELINESS**

Respondents in their Motion to Dismiss correctly allege that petitioner's deadline for filing for federal habeas corpus relief, absent any tolling, was September 2, 2001; but that the filing of his first 1507 action prior to his conviction becoming "final" tolled the statute of limitations.  They also allege that even though petitioner did not appeal the district court's denial of his first 1507 action, the statute of limitations remained

---

[2] Petitioner added that if the appeal of his second 1507 action was late, it was his appointed attorney's fault.  Negligence of counsel on appeal of a state habeas action would not entitle petitioner to equitable tolling, since there is no constitutional right to counsel in habeas proceedings.

tolled for the 30 days in which he could have sought an appeal, or through November 22, 2000. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Respondents then allege Thome took no further action until April 8, 2002, when he filed another 1507 motion in the Osage County District Court. From these facts, respondents argue that the statute of limitations would have commenced running on November 23, 2000, and absent further tolling, expired on November 24, 2001. The court finds these facts are not disputed, and agrees the limitations period was not "statutorily" tolled by petitioner's first 1507 action beyond November 22, 2000, since it was obviously no longer "pending." 28 U.S.C. 2244(d)(2). Petitioner asserts the limitations period should be equitably tolled.

**Equitable Tolling Based upon Delay in Notice**

In his Petition and his Response to the Motion to Dismiss, petitioner alleges he did not learn of the Osage County court's denial of his first 1507 petition, despite diligent inquiries[3], until August 16, 2001. He argues the limitations period should be equitably tolled through that date as a result.

Respondents argue in their motion that petitioner is not entitled to equitable tolling for this period, based on their assumption that he failed to diligently track the status of his first 1507 action. However, they also argue that even if equitable tolling were granted until August 16, 2001, Thome's

---

[3] Petitioner alleges that "several weeks" after his first 1507 petition had been filed, he "began to write the state district court to inquire about his petition," but his "inquiries were never answered." He further alleges he "then wrote" the state disciplinary administrator, who informed him of the denial.

6

federal Petition was filed 24 days after the limitations period expired. In support of the latter argument, respondents allege that nearly 8 months (235 days) elapsed after petitioner admits he learned of the denial of his first 1507 motion before he filed his second 1507 action; and that the filing of this second 1507 action tolled the limitation period with 130 days remaining. The statutory tolling effect of the second 1507 action ended with the denial of Thome's Petition for Review by the Kansas Supreme Court (September 14, 2004). Respondents contend the limitations period expired 130 days later on January 22, 2005, 24 days before Thome filed his federal Petition.

The Tenth Circuit Court of Appeals holds that the statute of limitations for federal habeas actions is subject to equitable tolling, but only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); see Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). More to the point in this case, several federal courts including the Tenth Circuit have held that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001), cert. denied, 535 U.S. 973 (2002); see e.g. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), amended in part, 223 F.3d 797 (5th Cir. 2000)(finding equitable tolling may apply where petitioner,

7

despite his diligence, did not receive notice of denial of state post-conviction relief for four months); Drew v. Dept. of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002)("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.").

    Here, respondents do not contest Thome's allegation that he contacted the state district court several times after filing his first 1507 petition requesting status information. Nor do they contest that Thome received no notice of the denial of his first 1507 petition until August 16, 2001. Nevertheless, on the current record, this court declines to hold that Thome has shown with sufficient particularity the extraordinary circumstances required to toll the limitation period. See Pfeil v. Everett, 9 Fed. Appx. 973 (10th Cir. 2001). While prisoners have the burden of demonstrating exceptional circumstances hindered their efforts to pursue a legal claim, Thome has provided nothing more than his own self-serving declarations to support his allegations. He offers no proof tending to support his conclusory allegations of diligence in making inquiries, lack of notice, or the state court's failure to respond to his inquiries. It follows he has not shown he has proof of the reason for his untimely filing or the basis for his claimed entitlement to equitable tolling. Thome does not provide exhibits such as copies of inquiries he sent to the state court or information he received from the

8

disciplinary administrator or a letter from the disciplinary administrator confirming he notified Thome of the denial. There is no indication Thome has attempted to obtain records from the Osage County District Court which might show receipt of his inquiries concerning his first 1507 action and whether or not notice was recorded as having been sent. Cf. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner has not even presented a "verified affidavit" containing facts describing acts of diligence or prison mail logs indicating he sent letters to the Osage County Court and received nothing back. There is no evidence Thome was unable to call the Clerk of the Osage County court to learn the status of his first 1507 petition. Thome fails to specify dates of his attempted inquiries to the court. Moreover, he does not allege exceptional circumstances found in other cases to warrant equitable tolling such as intentional confiscation of inquiries by prison officials, or attorney malfeasance as causing delayed disclosure of the denial of a state action. Petitioner has clearly not met his burden of demonstrating extraordinary circumstances beyond his control.

Thome asks the court to conduct an evidentiary hearing on this issue. However, even if the court gave Thome yet another opportunity and he presented documentary evidence or other proof of diligence and lack of notice so as to be entitled to equitable tolling until August 16, 2001, respondent is correct that the federal Petition was still filed over 3 weeks late. Accordingly,

9

the court presumes[4], without deciding, that the limitations period was equitably tolled until August 16, 2001.

**Equitable Tolling Based Upon Medical Conditions and Effects**

In response to the Motion to Dismiss, Thome argues additional equitable tolling should be granted due to his persistent medical problems and their effects. Again, petitioner has the burden of demonstrating exceptional circumstances beyond his control. Miller, 141 F.3d at 978. (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access"). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson, 232 F.3d at 808. Simple excusable neglect is not sufficient. Id. The Tenth Circuit has found certain other allegations of exceptional circumstances inadequate to justify equitable tolling. See, e.g., id. (holding petitioner's alleged ignorance of AEDPA's statute of limitations is insufficient to warrant equitable tolling); Marsh, 223 F.3d at 1220 (holding delays caused by prison inmate law clerk and law library closures does not justify equitable tolling). Physical illness may toll the

---

[4] If proof of petitioner's allegation of delayed notice were "necessary," this court would be required to "balance the equities of this case on the record and determine when Thome actually learned of the state court's disposition." Woodward, 263 F.3d at 1142-43.

one-year time period to file a habeas corpus petition; however, a petitioner must allege more than the mere existence of physical ailments. A petitioner has the burden to show that his health problems rendered him unable to pursue his legal rights throughout the one-year time period.

In support of this alleged ground for equitable tolling, petitioner stated in his Response to the Motion to Dismiss that he "has been held in the institution's infirmary off and on for extended periods of time throughout the last several years," and that "when taken to the infirmary inmates undergo a 'pack-out' where all of the property is taken and once their living status is confirmed it is then returned." He further alleges that "these pack-out situations last for several days at a time," and "contends if it were not for (them) he would not have any time tolling prohibitiions (sic) now." Thome also asserted equitable tolling in response to the court's initial show cause order, alleging he "has two serious medical conditions that have caused him to be held in the infirmary for extensive periods of time," has undergone "several operations," is blind in one eye and in a wheel chair. He alleges he "tried to get his clinic records" to submit as proof with his response, but "they refuse his request." He states he was "diligent in pursuing the status of his first petition" and has always "pursued his legal remedies to the best of his abilities."

Again, Thome fails to provide sufficient detailed factual or evidentiary support for this claim of entitlement to equitable tolling. Even assuming his property was temporarily taken, Thome

11

fails to identify what property, the dates it was unavailable, or how its absence affected his ability to file a timely federal habeas petition.  The times his medical conditions and treatments incapacitated him, if that is his claim, and how they prevented him from pursuing his legal remedies are not alleged. Petitioner's general allegations of illness and temporary lack of access to property are akin to allegations that a petitioner does not have 'unbridled access' to the law library, which are insufficient to justify equitable tolling.  The court concludes petitioner's general allegations do not describe in sufficient detail the type of "uncontrollable circumstance" that would justify equitable tolling.

Furthermore, the court is not convinced that during the nearly 8 months following notice of denial of Thome's first 1507 motion or the over 5 months after denial of his second 1507 motion, Thome diligently pursued his legal claims. "In the final analysis, [petitioner must show] the steps he took to diligently pursue his federal claims." Miller, 141 F.3d at 978.  Petitioner does not describe any steps he took during these periods to timely prepare and file his federal Petition.  Petitioner does no more than imply that his medical conditions and treatments amounted to an uncontrollable circumstance warranting equitable tolling.  It is simply not shown  that petitioner's physical illness and temporary lack of access to property, rather than his own lack of diligence, caused him to file his federal Petition a few weeks late.  Petitioner was not prevented from filing by extraordinary circumstances if he, acting with reasonable

diligence, could have filed on time notwithstanding those extraordinary circumstances. The court concludes Thome's arguments to justify equitable tolling on this basis are not supported by sufficient factual allegations. Cf. Miller, 141 F.3d at 978 ("It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

**DISCUSSION - HABEAS CLAIMS**

Even though the court finds Thome's petition for writ of habeas corpus must be dismissed as untimely, it notes his substantive claims merit no relief. The unpublished Memorandum Opinion of the Kansas Court of Appeals (KCOA) filed April 30, 2004, affirming the trial court's denial of his second 1507 petition is exhibited by Thomes. The facts according to the KCOA include that the crime occurred during an argument between Thome, his common law wife and her granddaughter who was living with them but whom Thome had ordered to leave. When Thome began yelling at his wife, the granddaughter confronted Thome who turned his anger on her. The granddaughter forcefully punched Thome in the eye, knocking him down. He left and returned with a gun. The gun discharged, but injured no one.

An evidentiary hearing was held on Thome's second 1507 motion, after which the trial court ruled Thome had failed to show his trial counsel's performance was deficient. It is clear from the KCOA opinion that the state courts applied the correct legal standard in determining Thome's ineffective assistance of

counsel claim.  See Strickland, 466 U.S. at 668.

Thome complained in state court that his counsel had proposed jury instructions for two lesser included offenses and had suggested conviction of one of those in closing argument.  The KCOA found no evidence Thome's trial counsel requested these instructions, and noted the trial court had a duty to instruct on all lesser included offense for which there was evidence.  They also found adequate evidence in the trial transcript to warrant these instructions[5].  They finally found counsel's closing argument contained no error and mainly asserted Thome was not guilty.  The KCOA concluded that counsel's theory and presentation of Thome's defense, as challenged by Thome, was "trial strategy."  Petitioner fails to allege convincing facts or arguments indicating this was an unreasonable application of Strickland or involved an unreasonable determination of facts.

With regard to Thome's argument that his counsel became "part of the State's evidentiary team," the KCOA found the following facts were presented at the 1507 evidentiary hearing.  Counsel had shown Thome the State's pictures of a bullet hole in the wall at the scene of the crime, and Thome told his counsel the hole had always been there and was unrelated to the crime.  Counsel then hired an investigator to examine the hole.  The investigator's work revealed a bullet in the hole, which enabled police to reenact the crime.  The KCOA found counsel was obligated to investigate what her client had led her to believe

---

[5] Error in state jury instructions does not give rise to federal habeas relief.  See Gilmore v. Taylor, 508 U.S. 333, 344 (1993).

was potentially exculpatory evidence, and observed counsel should be able to rely upon their client's representations.  Petitioner does not show that the state court's determination of this issue was either contrary to or involved an unreasonable application of clearly established Federal law, or was based on an unreasonable determination of the facts.

On Thome's claim that his counsel failed to impeach a witness, the KCOA found that prior to trial Thome's wife, Wymer, had given a statement to an investigator in which she said she grabbed Thome's hand at the time the gun discharged.  At trial, Wymer testified during direct examination that "I tried to stop it, but I couldn't tell you how or what I did."  She also testified that she thought she tried to take the gun away from Thome, and answered "I don't know," when asked if she had hit Thome's hand in doing so.  She demonstrated how she was "waving" her hands to distract Thome while standing between him and her granddaughter.  Thome complained counsel did not impeach Wymer with her prior statement, and claimed it would have bolstered his defense of accidental discharge of the weapon.  However, the KCOA found this "does not fit with Thome's defense that he was innocent."  They discussed these facts and concluded Thome was not prejudiced in any way by his trial counsel's cross-examination of Wymer, which they found was "thorough." Petitioner alleges no convincing facts or arguments that this determination was contrary to or involved an unreasonable application of Supreme Court precedent or factual determination.

The KCOA denied relief on Thome's claim that his counsel

15

failed to present medical evidence of the seriousness of his eye injury, which resulted from the granddaughter's punch. He believed such evidence would have shown the jury he needed to arm himself. The KCOA found Thome did not testify at trial, but testified at his 1507 hearing that he never had a gun. They further found counsel addressed Thome's failing health and the punch in closing. They also found no evidence in the record on appeal that such medical records existed. They rejected Thome's contention as conclusory and noted he had the opportunity to provide the medical evidence at his 1507 hearing, but chose not to. They further found medical records would not have changed the outcome of trial, and concluded counsel's performance was not deficient in any way. The KCOA also rejected Thome's claim of cumulative error since they found no error in trial counsel's performance. Petitioner does not convince this court that these determinations by the state court were unreasonable, either factually or legally.

Petitioner's two remaining claims, that attempted second degree murder is not recognized in Kansas[6] and that he was never read his Miranda rights[7], are not discussed or even mentioned as

---

[6] The case cited by petitioner disproves rather than supports his claim. In State v. Shannon, 258 Kan. 425, 429 (Kan. 1995), the Kansas Supreme Court stated:
  Effective July 1, 1993, K.S.A. 21-3402 was amended and second-degree murder is now defined alternatively as a killing committed intentionally (subsection [a] ) or a killing committed "unintentionally but recklessly under circumstances manifesting extreme indifference to the value of human life" (subsection [b] ). K.S.A.1994 Supp. 21-3402.
Thus, this case indicates attempted second degree murder is recognized as a crime in Kansas, and unless petitioner's crime was committed prior to July 1, 1993, the amended version was the crime of which he was found guilty.

[7] Petitioner does not describe any incriminating evidence as having been produced at trial as the result of statements made by him in violation of his Miranda rights. In fact, he alleges no factual basis

16

grounds in the KCOA opinion. However, respondents do not assert failure to exhaust these claims. Nor have they moved to dismiss the Petition as "mixed." Petitioner alleges in his Petition that all his claims have been presented to the highest state court. In either event, the claims are insufficient in that petitioner does not allege adequate facts or legal authority in support.

The court concludes that the state district court and the KCOA in this case explicitly considered the federal constitutional question of ineffective assistance of counsel raised by petitioner. See Woodward, 263 F.3d at 1140. The KCOA correctly applied the performance and prejudice prongs of Strickland, and their legal analysis thereunder as stated in their opinion is sound. They referred to evidence in the record which reasonably supported their factual findings. For these reasons, the court finds no claim for federal habeas corpus relief is presented in the Petition.

**SUPPLEMENT TO PETITION**

The court has received a letter[8] from petitioner, which has no caption and no certificate of service on respondents. In this

---

whatsoever for this claim.

[8] In his letter, Thome expresses his desire to tell the truth to this judge outside a legal motion. It is inappropriate for one party to communicate directly with the judge in their pending case, without providing notice and copies of anything filed to opposing parties. Petitioner does not seek any particular relief in this letter other than his day in court.
Thome complains in his letter that he was "the only victim" who got "26 years for nothing" and was rail-roaded in a "Mickey Mouse court." Some of the statements made by Thome in this letter might have been construed as claims, had they been set forth in the Petition or had the Petition been amended to include them. While Thome submitted his Petition on forms provided by the court, his claims and exhaustion of each, are not separately and clearly set forth therein. The court does not treat this document as a Motion to Amend the Petition, as that was obviously not Thome's intention, and has considered the matters discussed therein only insofar as they may supplement the claims presented in the Petition.

letter, Thome asks to be allowed to "elaborate" on his case, and makes several arguments, some unrelated to the claims raised in the Petition. The court treats this letter as a Supplement to the Petition. New complaints petitioner may be suggesting in this letter that were not raised in the Petition, are not shown to have been exhausted. Moreover, insufficient facts are alleged in support of these claims. For example, petitioner makes conclusory allegations of "failure to call material witness or to present crucial evidence." The court has considered the letter as a Supplement only, and remains persuaded that the Petition has not been timely filed.

For the foregoing reasons, the court finds that this action must be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's letter be filed as Supplement to the Petition.

**IT IS FURTHER ORDERED** that this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2005, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

18